```
LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant United States Attorney
DISTRICT OF THE NORTHERN
     MARIANA ISLANDS
Horiguchi Building, Third Floor
P. O. Box 500377
Saipan, MP 96950-0377
Telephone:  (670) 236-2980
Fax:        (670) 236-2985
```

Attorneys for United States of America

F I L E D
Clerk
District Court

AUG 14 2008

For The Northern Mariana Islands
By_____
           (Deputy Clerk)

# UNITED STATES DISTRICT COURT
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUIHUA LUO KING<br>　（a.k.a. "Mimi"); and<br>OSCAR M. KING,<br><br>　　　　Defendant. | Criminal Case No. 08-00019<br><br>PLEA AGREEMENT<br>as to defendant<br>GUIHUA LUO KING |

　　　Pursuant to Rule 11(c)(1)(B), the United States and GUIHUA LUO KING enter into the following plea agreement (the "Agreement"):

　　　1.　　On the understandings specified below, the Office of the United States Attorney for the Districts of Guam and the Northern Mariana Islands ("this Office") will accept a guilty plea from GUIHUA LUO KING (the "defendant") to Count One of the First Superseding Indictment. Count One charges the defendant with Conspiracy to Possess With Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), in connection with the defendant's possession with the intent to distribute methamphetamine hydrochloride in the form commonly known as "ice", on or about April 12, 2008. Count One carries a maximum sentence of 20 years' imprisonment, a maximum

fine of $1,000,000, a $100 special assessment, and a minimum term of supervised release of three years.

2. It is understood that the defendant: (a) shall truthfully and completely disclose all information with respect to the activities of herself and others concerning all matters about which this Office inquires of her, which information can be used for any purpose; (b) shall cooperate fully with this Office, the United States Drug Enforcement Administration and the DEA/CNMI Task Force, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests her presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of her; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request her testimony; (f) shall bring to this Office's attention all crimes which she has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which she has been or is a subject, target, party, or witness; (g) shall comply with all orders of the Court, including those related to any conditions of release; and (h) shall commit no further crimes whatsoever. Moreover, any assistance the defendant may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

3. It is understood that this Office cannot, and does not, agree not to prosecute the defendant for criminal tax violations. However, if the defendant fully complies with the understandings specified in this Agreement, no testimony or other information given by her (or any other information directly or indirectly derived therefrom) will be used against her in any criminal tax prosecution. Moreover, if the defendant fully complies with the understandings specified in this Agreement, she will not be further prosecuted criminally by this Office for any crimes, except for criminal tax violations, related to her participation in the possession with intent to distribute and distribution of methamphetamine hydrochloride on or about April 12, 2008 in the District of the Northern Mariana Islands, to the extent that she has disclosed such participation to this Office as of the date of this Agreement, not involving crimes

of violence. This Agreement does not provide any protection against prosecution for any crimes except as set forth herein.

4. Except as otherwise provided in this Agreement, it is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of the defendant to the attention of other prosecuting offices, if requested by her.

5. In consideration of the foregoing and pursuant to Sentencing Guidelines § 6B1.4, the parties hereby stipulate to the following facts and application of the Sentencing Guidelines:

Facts

a. At some time on or about April 12, 2008, the defendant knowingly and intentionally entered into an agreement with another person to possess with the intent to distribute methamphetamine hydrochloride in the form commonly known as "ice", a Schedule II controlled substance.

b. The defendant knew the purpose and intended to help accomplish it.

c. The total quantity of methamphetamine hydrochloride that the defendant possessed was approximately 1.5 net grams.

Offense Level

d. U.S.S.G. § 2D1.1 applies to the offense conduct in Count One.

e. The relevant conduct includes the distribution and possession with intent to distribute at least one net gram, but less than two net grams, of methamphetamine hydrochloride in the form commonly known as "ice", as such, the base offense level under U.S.S.G. § 2D1.1(c)(11) is 18.

f. If the defendant allocutes to the crime charged in Count One of the First Superseding Indictment to the satisfaction of the Court, a two-level reduction in the offense level for acceptance of responsibility is warranted under U.S.S.G. § 3E1.1(a).

g. If the defendant signs this Agreement on or before August 15, 2008, and provided the defendant is otherwise eligible, the government will move for an additional one level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

h. Accordingly, the applicable U.S.S.G. offense level is 15.

Criminal History Category

i. There is no stipulation as to Criminal History category.

Sentencing Range

j. Based upon the calculations set forth above, and provided the defendant's Criminal History is Category I, the sentencing Guidelines range is 18 to 24 months. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 15, the applicable fine range is $4,000 to $40,000. The defendant has been advised and understands that the stipulated Guidelines range is merely a recommendation to the Court. The Court can reject it without permitting the defendant to withdraw her plea of guilty and can impose a sentence that is more severe than she anticipates. The defendant also understands that the Sentencing Guidelines are merely advisory, and the Court may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in Title 18, United States Code, Section 3553(a).

6. It is understood that the sentence to be imposed upon the defendant is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. However, this Office will inform the Probation Department and the Court of (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which this Office deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by the defendant both prior to and subsequent to the signing of this Agreement. In addition, if this Office determines that the defendant has provided substantial assistance in an investigation or prosecution, and if she has fully complied

with the understandings specified in this Agreement, this Office will file a motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, requesting the Court to sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on the defendant remains within the sole discretion of the Court. The defendant hereby consents to such adjournments of her sentence as may be requested by this Office.

7.   It is understood that, should this Office determine either that the defendant has not provided substantial assistance in an investigation or prosecution, or that the defendant has violated any provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, but will not entitle her to withdraw her guilty plea once it has been entered.

8.   It is understood that, should this Office determine, subsequent to the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, that the defendant has violated any provision of this Agreement, this Office shall have the right to withdraw such motion.

9.   It is understood that, should the defendant commit any further crimes or should it be determined that she has given false, incomplete, or misleading testimony or information, or should she otherwise violate any provision of this Agreement, the defendant shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

10.   Defendant is advised and understands that to establish a violation of Title 21, United States Code, Section 846, conspiracy to distribute and to possess with the intent to

distribute a controlled substance, as charged in Count One of the First Superseding Indictment, the government must prove each of the following elements beyond a reasonable doubt:

    a.    First, that there was an agreement between two or more persons to illegally possess and distribute a controlled substance; and

    b.    Second, the defendant became a member of the conspiracy knowing that its object was to illegally distribute a controlled substance and the defendant intended to help accomplish that.

11.    The defendant acknowledges that she has been advised of his rights as set forth below prior to entering into this Agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a.    the nature and elements of the charges and the maximum possible penalty provided by law;

    b.    her right to be represented by an attorney;

    c.    her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

    d.    that if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this Agreement, she waives, that is, gives up, the right to a trial; and

    e.    that, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in a prosecution for perjury or false statement if an answer is untrue.

12.    Being fully advised of her rights as set forth in the preceding paragraph, the defendant represents that:

    a.    the agreement is voluntary and not a result of any force, threats or promises apart from this Agreement;

    b. she reads, speaks, writes and understands English and has read and understood this Agreement <u>or</u> has had a qualified interpreter read this Agreement to her in a language that she understands, and that she fully understood such translation; and

    c. she is satisfied with the representation provided to her by her counsel.

  13. It is understood that in the event that it is determined that the defendant had committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by the defendant to this Office or other designated law enforcement agents, and any testimony given by the defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against the defendant; and (b) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

  14. In exchange for the government's concessions in this Plea Agreement, the defendant waives any right to appeal this conviction or to collaterally attack this conviction. Defendant reserves the right to appeal the sentence imposed in this case. However, it is further agreed: (a) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, the conviction and any sentence within or below the stipulated Sentencing Guideline range; and (b) that the government will not appeal any sentence within or above the stipulated Sentencing Guideline range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

15. The defendant agrees to forfeit, abandon, give up, and give away to the United States prior to the date of the sentencing hearing, any right, title and interest the defendant may have in property subject to criminal forfeiture pursuant to 21 U.S.C. § 853, and 18 U.S.C. § 924(d)(1). It is further agreed that any other items of property seized in the search of the defendant, her vehicle(s) and the defendant's home(s), not already returned to the defendant, are abandoned by the defendant and shall accordingly be used, transferred, or disposed of at the discretion of the seizing agency.

16. By this Agreement the defendant not only agrees to forfeit all interests in the property referred to in the above paragraph, but agrees to take whatever steps are necessary to convey any and all of her right, title and interest in such property to the United States. These steps include but are not limited to the surrender of title, the signing of a quit claim deed, the signing of a consent decree, the signing of abandonment papers, the signing of a stipulation of facts regarding the transfer and basis for the forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant further agrees to fully assist the government in the recovery and return to the United States of any assets or portions thereof as described above wherever located.

//

//

//

17. This Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

DATED: 8-13-2008

GUIHUA LOU KING
Defendant

DATED: 8-13-2008

VINCENT J. SEMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands

DATED: 8/14/08

By: ERIC S. O'MALLEY
Assistant U.S. Attorney